IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01444-GPG

MARK ALAN STREPKA,

    Plaintiff,

v.

FRANCISCO L. ALBA (14016), Individually and in his Official Capacity as Police Officer,
      In and for the City and County of Denver, Colorado,
JAIME S. DISBROW (98044), Individually and in her Official Capacity as Denver Police
      Department Detective, In and for the City and County of Denver, Colorado, and
CHRISTOPHER G. PENNY (26210), Individually and in his Official Capacity as Chief
      Deputy District Attorney, In and for the 2nd Judicial District, City and County of
      Denver, Colorado, and for the State of Colorado,

    Defendants.

---

ORDER TO STAY THE COMPLAINT AND
ADMINISTRATIVELY CLOSE THE ACTION

---

Plaintiff Mark Alan Strepka currently resides in Denver, Colorado. Plaintiff, acting *pro se*, initiated this action by filing a Complaint pursuant to 28 U.S.C. § 1331 and 42 U.S.C.§ 1983. Plaintiff contends that Defendants have violated his First, Fourth, and Fourteenth Amendment rights.

The Court must construe the Complaint liberally because Plaintiff is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court does not serve as a *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, the Complaint will be order stayed and the case administratively closed.

Plaintiff asserts five claims challenging a recent arrest and associated search and detainment. In Claim One, Plaintiff specifically asserts that on January 19, 2015, Defendant Alba conducted a *Terry* stop without justification or a warrant. Compl., ECF No. 1, at 3. Plaintiff further asserts that Defendant Alba conducted a search of the vehicle without consent and exigent circumstances. *Id.* at 4. As a result of the search, Plaintiff asserts he was arrested because Defendant Alba allegedly found a controlled substance and two firearms in the vehicle. *Id.* at 5. Plaintiff further contends he was subjected to confinement prior to his first appearance and required to post a $1,000 surety bond for his release. *Id.* Plaintiff also asserts the investigation conducted by the police and district attorney prior to the filing of the formal complaint was selective and vindictive, because Defendants Disbrow and Penny failed to acknowledge that two other individuals were present at the time of the arrest, one a previously convicted felon, who were in close proximity to the guns and controlled substance. *Id.* at 6. Claims Two through Five are repetitive of Claim One. Plaintiff seeks money damages.

The statute of limitations for a Fourth Amendment claim begins to run when the alleged false imprisonment ends, which is either at the time a victim is released or is bound over by a magistrate or arraigned on charges. *See Mondragon v. Thompson* 519 F.3d 1078, 1082-83 (10th Cir. 2008) (malicious prosecution, unlike false arrest or false imprisonment, concerns only detention after the institution of legal process) (citing *Wallace*, 549 U.S. at 389-90). Plaintiff appeared at a preliminary hearing and was released on a surety bond. The time for filing a complaint, with respect to the claims raised in this action, has begun to run.

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held:

> [W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

512 U.S. at 487. Under the *Heck* rule, the accrual of a cause of action is deferred until the conviction or sentence has been invalidated. *See Wallace v. Kato*, 549 U.S. 384, 392-93 (2007). *Heck* does not apply to anticipated future convictions. *See id.* at 393 (2007) ("[T]he *Heck* rule for deferred accrual is called into play only when there exists a conviction or sentence that has not been invalidated, that is to say, an outstanding criminal judgment." (quotations, emphasis, and ellipses omitted)).

In Wallace, the Supreme Court instructed:

> If a plaintiff files a false-arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended. [*Heck*, 512 U.S.] at 487-488, n. 8, 114 S. Ct. 2364 (noting that "abstention may be an appropriate response to the parallel state-court proceedings"); *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 730, 116 S.Ct. 1712, 135 L.Ed.2d 1 (1996). If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, *Heck* will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit. *Edwards v. Balisok*, 520 U.S. 641, 649, 117 S.Ct. 1584, 137 L. Ed. 2d 906 (1997); *Heck*, 512 U.S., at 487, 114 S.Ct. 2364.

549 U.S. at 1098.

In accordance with *Quackenbush* and *Wallace*, the Court will stay Plaintiff's request for damages in conjunction with his § 1983 claims based on the alleged unlawful search of his vehicle and the alleged false arrest and false imprisonment.

Accordingly, it is

ORDERED that this action is ADMINISTRATIVELY CLOSED, subject to reopening for good cause after resolution of the underlying state court proceedings. It is

FURTHER ORDERED that, if Plaintiff desires to continue with this case after disposition of the criminal charge against him, he must request that the stay be lifted within thirty days of disposition of the criminal charge, unless an appeal is filed. If he appeals the conviction a request to lift the stay must be filed within thirty days of completion of the appellate process.

DATED at Denver, Colorado, this  13th  day of   July  , 2015.

BY THE COURT:

 s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court