IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No 15-cv-01444-RBJ-KLM

MARK ALAN STREPKA,

    Plaintiff,

v.

FRANCISCO L. ALBA, (14016), individually and in his official capacity as police officer in and for the City and County of Denver, Colorado,

    Defendant.

---

## ORDER

---

This matter is before the Court on defendant Francisco Alba's motion to dismiss for failure to state a claim, ECF No. 21, and Magistrate Judge Kristen L. Mix's recommendation on that motion, ECF No. 45. Judge Mix recommends that this Court grant in part and deny in part defendant's motion. ECF No. 45 at 2. Her recommendation is incorporated herein by reference. See 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). After a *de novo* review of the portions of the recommendation the parties object to, see *id.*, the Court ADOPTS in full Judge Mix's recommendation. Accordingly, the Court GRANTS IN PART and DENIES IN PART defendant's motion.

### I. FACTS

On January 19, 2015 defendant Francisco L. Alba, a Denver police officer, allegedly began to follow plaintiff Mark Alan Strepka as he was driving a rental car. Amended Complaint, ECF No. 9 at 3–4. Plaintiff alleges that defendant followed him for over a mile before pulling

him over. *Id.* He asserts that defendant has claimed that he pulled plaintiff over for two reasons: (1) because he could not clearly see plaintiff's rear license plate; and (2) because he thought the vehicle plaintiff was driving might be an "un-reported steal" from out of state. *See id.* at 6. Plaintiff contends that he was not violating any laws when defendant stopped him. *See id.*

Upon stopping him, defendant allegedly began to question plaintiff. *Id*. Defendant purportedly asked plaintiff where he was coming from and inquired into whether or not plaintiff was in possession of any drugs or weapons. *Id*. Defendant then allegedly conducted a search of plaintiff's vehicle without a warrant. *Id.* at 3–5, 7–8. The search turned up two firearms that were locked inside the trunk of the vehicle, as well as a small blue vial that allegedly contained methamphetamine. *Id*. at 8. Although he did not have an arrest warrant, defendant arrested plaintiff upon discovering these items and took plaintiff to jail. *Id.* at 9.

On July 8, 2015, plaintiff filed this civil rights action under 42 U.S.C. § 1983, alleging violations of the First, Fourth, and Fourteenth Amendments to the U.S. Constitution. Complaint, ECF No. 1. He amended his initial complaint on December 16, 2015. ECF No. 9. The case was subsequently referred to Magistrate Judge Kristen L. Mix on January 6, 2016. ECF No. 17. On February 2, 2016 defendant filed a motion to dismiss plaintiff's amended complaint for failing to state a claim under Rule 12(b)(6). ECF No. 21. On September 6, 2016 Magistrate Judge Mix recommended that this Court grant in part and deny in part defendant's motion. ECF No. 45. Plaintiff subsequently objected to several portions of that recommendation. ECF No. 56.

## II. STANDARD OF REVIEW

### A. Magistrate Judge Recommendation.

When a magistrate judge makes a recommendation on a dispositive motion, the district court "must determine de novo any part of the magistrate judge's disposition that has been

properly objected to." Fed. R. Civ. P. 72(b)(3). "In the absence of timely objection, the district court may review a magistrate [judge's] report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985)).

### B. Rule 12(b)(6).

To survive a 12(b)(6) motion to dismiss, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While the Court must accept the well-pleaded allegations of the complaint as true and construe them in the light most favorable to the plaintiff, *Robbins v. Wilkie*, 300 F.3d 1208, 1210 (10th Cir. 2002), purely conclusory allegations are not entitled to be presumed true. *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009). However, so long as the plaintiff offers sufficient factual allegations such that the right to relief is raised above the speculative level, he has met the threshold pleading standard. *See, e.g.*, *Twombly*, 550 U.S. at 556; *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008).

Importantly, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (internal quotation marks omitted); *accord Robbins v. Okla. ex. rel. Dep't of Human Servs.*, 519 F.3d 1242, 1247 (10th Cir. 2008). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999) (internal citation omitted).

### C. Pro Se Party.

When a case involves a pro se party, the court will "review his pleadings and other papers liberally and hold them to a less stringent standard than those drafted by attorneys." *Trackwell v. U.S. Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007). Nevertheless, "it is [not] the proper function of the district court to assume the role of advocate for the pro se litigant." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). A "broad reading" of a pro se plaintiff's pleadings "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Id*. Pro se parties must "follow the same rules of procedure that govern other litigants." *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (internal quotation marks and citations omitted).

### III. ANALYSIS

Plaintiff is the only party that objects to portions of Magistrate Judge Mix's recommendation. Specifically, he objects to her recommendation to grant defendant's motion to dismiss: (1) plaintiff's Fourth Amendment unlawful arrest claim; (2) his Fourteenth Amendment claims; and (3) his claim under C.R.S. § 16-3-310.[1] ECF No. 56 at 2–3. He also objects to Magistrate Judge's decision not to address his arguments that collateral estoppel and res judicata apply to bar defendant from defending this 42 U.S.C. § 1983 action. *Id*. After *de novo* review of these portions of Magistrate Judge Mix's recommendation, however, I find that Judge Mix properly recommended that defendant's motion should be granted with respect to these claims. I

---

[1] Judge Mix recommends that only two of plaintiff's claims survive defendant's motion to dismiss: (1) his Fourth Amendment for illegally extending a traffic stop; and (2) his Fourth Amendment claim for an illegal search of his vehicle. *See* ECF No. 45. Defendant does not appear to object to that recommendation. The Court therefore adopts Magistrate Judge Mix's recommendations to allow those claims to survive defendant's motion to dismiss. Furthermore, it appears that plaintiff does not object to Judge Mix's recommendation to grant defendant's motion to dismiss his First Amendment claims without prejudice and official capacity claims with prejudice. *See* ECF No. 56 at 2–3; ECF No. 45 at 4, 16. Accordingly, the Court adopts Judge Mix's recommendation on those claims and dismisses them.

likewise find that collateral estoppel and res judicata have no application in this suit. *See id.* Accordingly, the Court ADOPTS in full Judge Mix's recommendation.

### A. Plaintiff's Fourth Amendment Claim for Unlawful Arrest.

In her recommendation, Magistrate Judge Mix found that the evidence of plaintiff's possession of illegal drugs and firearms clearly established probable cause precluding a Fourth Amendment claim for an illegal warrantless arrest. ECF No. 45 at 13 (citing *Stonecipher v. Valles*, 759 F.3d 1134, 1141 (10th Cir. 2014), *cert. denied*, 135 S. Ct. 881 (2014)). In his objection, plaintiff appears to object to that recommendation on two grounds: (1) he contends that defendant did not have probable cause to arrest because evidence of the firearms and drugs should be excluded; and (2) he argues that defendant's command to "sit on the curb" prior to his formal arrest of plaintiff (and discovery of firearms and methamphetamine) constituted the illegal arrest on which liability should be premised. *Id.* at 4–8. I find that neither argument is convincing.

First, to the extent plaintiff appears to argue that the "fruit of the poisonous tree" doctrine (an extension of the "exclusionary rule") applies to bar introduction of the evidence of the illegal firearms and alleged drugs constituting the probable cause on which defendant validly arrested him, I point out that this doctrine and rule do not apply in civil actions such as this. *See, e.g.*, *Townes v. City of N.Y.*, 176 F.3d 138, 145 (2d Cir. 1999) ("We find no case in which the doctrine has been successfully invoked to support a § 1983 claim, and we see no reason why it could be."); *Dalcour v. Gillespie*, No. 08-CV-00747-MSK-KLM, 2013 WL 2903399, at *6 (D. Colo. June 14, 2013) (holding that the doctrine does not apply in a § 1983 case). Thus, I conclude, as Judge Mix rightly did, that defendant's discovery of firearms and allegedly illegal drugs, as described in plaintiff's amended complaint, gave defendant probable cause to arrest plaintiff

5

without a warrant, and that plaintiff's illegal arrest claim must therefore be dismissed. *See, e.g.*, *Fogarty v. Gallegos*, 523 F.3d 1147, 1156 (10th Cir. 2008) (explaining that a warrantless arrest violates the Fourth Amendment unless supported by probable cause).

Likewise, I find unavailing plaintiff's attempt to recast his illegal arrest claim as one premised on defendant's alleged "sit on the curb" command. As plaintiff admits in his amended complaint, up until defendant formally arrested him after searching his vehicle, defendant's detention of plaintiff constituted an investigatory stop under *Terry v. Ohio*, 391 U.S. 1 (1968). *See, e.g.*, ECF No. 9 at 11. As such, defendant's alleged command to "sit on the curb" did not constitute an arrest on which an illegal arrest claim could plausibly be based. *See Strepka v. Sailors*, 494 F. Supp. 2d 1209, 1223 (D. Colo. 2007) (explaining what constitutes an investigatory detention" as opposed to an arrest). The Court therefore ADOPTS Magistrate Judge Mix's recommendation to dismiss this claim.[2]

### B. Plaintiff's Fourteenth Amendment Claims.

Next, plaintiff argues Magistrate Judge Mix erred by recommending that his Fourteenth Amendment claims be dismissed. The basis of this objection appears to be that the Fourteenth Amendment should apply to defendant's pre-arrest conduct. ECF No. 56 at 8–14. However, as Magistrate Judge Mix correctly pointed out, the Fourth Amendment, not the Fourteenth Amendment, governs defendant's conduct prior to plaintiff's arrest. *See Porro v. Barnes*, 624 F.3d 1322, 1325–26 (10th Cir. 2010) (explaining that "[t]he choice of amendment matters" in a § 1983 case and that the Fourteenth Amendment applies, rather than the Fourth Amendment, "when the plaintiff finds himself in the criminal justice system somewhere between the two stools of an initial seizure and post-conviction punishment"). Furthermore, like Magistrate Judge Mix I find it "doubtful" that plaintiff intended to assert claims against defendant based on events

---

[2] As discussed *supra* note 1, plaintiff retains a claim which challenges the scope of this *Terry* stop.

occurring after plaintiff's arrest.  *See* ECF No. 45 at 14–15.  Accordingly, the right vehicle for plaintiff's allegations is the Fourth Amendment.  The Court therefore ADOPTS Magistrate Judge Mix's recommendation that plaintiff's Fourteenth Amendment be dismissed.

### C.  C.R.S. § 16-3-310 Claims.

The Court also finds that Magistrate Judge Mix's recommendation to dismiss plaintiff's claim under C.R.S. § 16-3-310 was correct despite defendant's objection to the contrary.  C.R.S. § 16-3-310 is a state criminal statute that requires an officer to comply with certain conditions before conducting a consensual search.  As Magistrate Judge Mix correctly noted, nowhere does the statute provide for a civil remedy.  *See* C.R.S. § 16-3-310.  Accordingly, none should be created from it.  *See Creech v. Fed. Land Bank of Wichita*, 647 F. Supp. 1097, 1099 (D. Colo. 1986) (explaining that "a bare criminal statute, which contains absolutely no indication that a civil remedy is available, does not provide a basis from which to infer a private cause of action" because it gives no indication of legislative intent to do so—the most important factor for implying a cause of action under *Cort v. Ash*, 422 U.S. 66, 79–80 (1975)). Furthermore, this claim must also be dismissed because plaintiff did not even raise it in his complaint.  *Rojo-Alderte v. Fed. Bureau of Prisons*, No. 08-CV-00045WYDBNB, 2009 WL 598338, at *1 (D. Colo. Mar. 6, 2009) (finding that claims asserted in a supplemental response, rather than the complaint, should be dismissed).  The Court therefore ADOPTS Magistrate Judge Mix's recommendation and dismisses this claim.

### D.  Collateral Estoppel and Res Judicata.

Finally, the Court rejects plaintiff's attempt to make use of the doctrines of collateral estoppel and res judicata in this action.  Although Magistrate Judge Mix did not address this argument, plaintiff contends that because in the criminal proceeding based on these events

the state court ruled that the government's actions were unconstitutional, that defendant should be precluded from defending against this § 1983 action in this case based on those same events. The Tenth Circuit, however, has foreclosed such a tactic, explaining that collateral estoppel cannot possibly apply under those circumstances because there is no "privity" (one of the collateral estoppel's necessary elements) between the prosecution in a criminal proceeding and the individual officer in a related but separate civil case. *See Novitsky v. City of Aurora*, 491 F.3d 1244, 1252 n.2 (10th Cir. 2007) ("[A plaintiff] must establish anew that the officers violated his constitutional rights in this § 1983 action.") (citations omitted).

## ORDER

For the reasons above, the Court ADOPTS in full Magistrate Judge Mix's recommendation. Accordingly, the Court dismisses without prejudice plaintiff's First Amendment claim, and dismisses with prejudice plaintiff's Fourth Amendment illegal arrest claim, his Fourteenth Amendment claims, his claim under C.R.S. § 16-3-310, and his official capacity claims.

DATED this 17th day of February, 2017.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge